UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAMON LEON, | : | |
| Plaintiff, | : | Civil Action No. 08-3943 (JAP) |
| v. | : | **OPINION** |
| NJ STATE DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| Defendants. | : | |

PISANO, District Judge.

Plaintiff, Ramon Leon, proceeding *pro se*, brings this action against the New Jersey Department of Corrections ("DOC") and the New Jersey Attorney General ("Attorney General") alleging "Constitutional violations" of "False Imprisonment, Double Jeopardy and Discrimination for Economic Status." Complaint ("Compl.") at 2. Presently before the Court is Plaintiff's application to proceed *in forma pauperis* and for pro bono counsel.[1] Based on Plaintiff's application and affidavit of indigence, the Court finds that Plaintiff is unable to pay the filing fee for this action. As such, Plaintiff's application shall be granted.

Pursuant to statute, a court may *sua sponte* dismiss a complaint if the complaint is "frivolous or malicious" or "fails to state a claim on which relief can be granted." 28 U.S.C. §

---

[1] Plaintiff has also filed a motion to "amend-supplement the original complaint" to "extend the jurisdictional reach in his case under the Theory of Continuing Violations." Motion at 1. In light of the Court's decision dismissing Plaintiff's complaint, Plaintiff's motion is denied.

1915(e)(2). Congress has also authorized the dismissal of complaints which seek monetary relief from a defendant who is immune from such relief. *Id.* Being mindful that the court must construe a *pro se* complaint liberally, the Court nonetheless finds for the reasons below that Plaintiff's complaint seeks monetary damages from immune defendants and fails to state a claim upon which relief can be granted. Consequently, the Court directs that the complaint be dismissed.

Based on the Complaint and the documents attached, it appears that Plaintiff was convicted by a jury in New Jersey Superior Court of one count of burglary and sentenced in March 2003 to five years in state prison. In July 2003, Plaintiff pled guilty to another burglary count and was sentenced again to five years in state prison. The sentences were to run concurrently. According to Plaintiff, "as a result of [a] new way to calculate concurrent terms of imprisonment," Plaintiff "ended up serving his term of imprisonment plus 303 days." Compl. at 2. Plaintiff, now released from custody, seeks damages in the amount of $3,030,000 and an order requiring "defendants to recalculate the term of imprisonment of similarly situated prisoners throughout the State of New Jersey." *Id.*

Although not specifically cited by Plaintiff, the Court construes his claims as being brought pursuant to 42 U.S.C. § 1983.[2] Thus, to the extent that Plaintiff seeks money damages, Plaintiff's claims against the DOC and the Attorney General[3] are barred by the Eleventh

---

[2] Consistent with the Court's construction of this case as a civil rights action, Plaintiff cites 28 U.S.C. § 1343 a basis of this Court's jurisdiction. *See* § 1343 ("district courts shall have original jurisdiction of any civil action authorized by law to be commenced by a person to redress the deprivation, under color of any State law . . . of any right, privilege or immunity secured by the Constitution of the United States or any Act of Congress, providing for equal rights of citizens . . .").

[3] Because Plaintiff does not allege any personal involvement by the Attorney General in the alleged wrongs, the Court construes the claims as being brought against her in her official capacity.

Amendment.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Bolden v. Se. Pa. Trans. Auth.*, 953 F.2d 807, 813-14 (3d Cir.1991).  Moreover, with respect to Plaintiff's "discrimination" claim, the complaint is devoid of any factual allegations that, if true, would establish such a claim.

To the extent that Plaintiff seeks injunctive relief, his claims fail because he seeks such relief exclusively on behalf of third persons who are not parties to this lawsuit.  As such, his claims are barred by the prudential limitation on third-party standing.  "[T]his Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L.Ed.2d 343 (1975).  Consequently, Plaintiff's complaint is dismissed.  Additionally, in light of the above, Plaintiff's application for pro bono counsel is denied.

    /s/ JOEL A. PISANO
Joel A. Pisano, U.S.D.J.

Date: September 17, 2008